66 F.3d 317
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Earl CLARK, Defendant-Appellant.
 No. 95-6605.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 24, 1995.
Decided: Sept. 18, 1995.
 
 John Joseph Korzan, Smith, Helms, Mulliss & Moore, L.L.P., Greensboro, NC, for appellant. David Bernard Smith, Assistant United States Attorney, Greensboro, NC, for appellee.
 Before WIDENER, HALL, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant appeals from a district court order adopting a magistrate judge's recommendation that Appellant's 28 U.S.C. Sec. 2255 (1988) motion be denied. We affirm.
 
 
 2
 Appellant's motion alleged that his trial counsel failed to note an appeal after being timely directed to do so. At a hearing on the motion, the magistrate judge allowed into evidence a post-trial proffer Appellant volunteered to the Government in an attempt to gain a reduction in sentence based on substantial assistance. The Government did not attempt to use this proffer until the Sec. 2255 motion hearing, where it introduced the proffer to attack Appellant's credibility. Appellant contends on appeal that the proffer was similar to a pretrial, plea-hearing proffer and was inadmissible under Fed.R.Evid. 410, which excludes from evidence pretrial proffers. Appellant cites no law in support of his contention, and we are unaware of any. The post-trial proffer was admissible to impeach Appellant's testimony. United States v. Mathis, 550 F.2d 180, 182 (4th Cir.1976), cert. denied, 429 U.S. 1107 (1977). Appellant's claim is without merit.
 
 
 3
 Appellant also contends that, setting aside the impeachment evidence, the evidence was insufficient to find against him on the ineffective assistance claim. Because there is no reason to set aside the evidence, the magistrate judge's finding that Appellant was incredible is wholly supported; we will not disturb that finding. E.g., Breeden v. Weinberger, 493 F.2d 1002, 1010 (4th Cir.1974). Therefore, the testimony of Appellant's trial attorney, that he was not timely instructed to file a notice of appeal, supports the holding that counsel was not ineffective.
 
 
 4
 Therefore, we affirm the district court order, made after a de novo review of the record with regard to Appellant's objections, adopting the magistrate judge's recommendation and denying Appellant's Sec. 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED